**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEBORAH M. DILBECK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| *v.* | ) | Case No. CIV-25-1308-PRW |
| | ) | |
| DOLLAR GENERAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Before the Court is Defendant Dollar General Corporation's Motion for Summary Judgment (Dkt. 18). This matter has been fully briefed and is ripe for decision. For the reasons that follow, Defendant's Motion (Dkt. 18) is **DENIED.**

## *Background*

This is a negligence action arising out of significant injuries Plaintiff incurred when she fell after tripping on a joint in the concrete floor of the Dollar General store located at 20950 E. Britton Rd, Harrah, Oklahoma. The following is a summary of the material facts. Where a fact is disputed, the dispute is noted.

***Plaintiff's fall.*** On February 14, 2024, Plaintiff entered the Dollar General to purchase chewing gum. She browsed for around ten minutes, and then made her way to the checkout area, where she perused the gum.[1] Security camera footage of the area shows

[1] Mot. for Summ. J. (Dkt. 18), at 5, ¶¶ 1–5; Pl.'s Resp. (Dkt. 26), at 5, ¶¶ 1–5; Pl.'s Dep. (Dkt. 18-2), at 139:10-20; Dollar General CCTV Video Clip (Dkt. 18-16), at 0:00-0:32.

Plaintiff standing near an expansion joint in the concrete floor selecting a package of gum from near the register while chatting with the cashier. Plaintiff then attempted to step to her left (presumably to get in line to pay), but when doing so her left shoe caught either on or in the expansion joint[2] and Plaintiff fell to the ground, landing hard on her left side.[3]

An ambulance was called and Plaintiff was taken to the hospital for treatment. She was ultimately determined to have fractured her hip and shoulder. While enroute to the hospital, Plaintiff called her sister, Ms. Ruzycki to tell her what happened.[4] Ms. Ruzycki testified that the next day she went to the store and took four pictures of the area where Plaintiff fell.[5]

***Conditions inside the store.*** The store's interior was well lit at the time of the incident.[6] From Ms. Ruzycki's photographs and the security camera footage, it appears the concrete floor itself is medium gray with expansion joints or seams cut into the floor at regular intervals. The seam at issue runs across the width of the checkout aisle, such that a customer must cross it while making their way to the exit after checking out. The seam appears different than the other seams that can be seen in the video and photographs. This seam is much wider and appears to have white caulking or a similar substance in and around

[2] Dollar General CCTV Video Clip (Dkt. 18-16), at 0:00-0:32.

[3] *Id.* at 0:00-0:32.

[4] Pl.'s Dep. (Dkt. 18-2), at 155:11-156:8.

[5] Ms. Ruzycki's Dep. (Dkt. 18-4), at 57:23-58:25.

[6] Mot. for Summ. J. (Dkt. 18), at 6, ¶ 6; Pl.'s Resp. (Dkt. 26), at 5, ¶ 6.

it. It is difficult to definitively tell from the video and photographs the precise condition of the seam, but Ms. Ruzycki's close-up photographs appear to show that the seam has a raised edge protruding upwards or outwards in the area where Plaintiff tripped.[7]

Plaintiff's husband, Mr. Dilbeck, testified that both Dollar General stores in Harrah, Oklahoma are "cluttered and…notorious for keeping crap in the aisles."[8] He stated that "they're messy," and "[t]here's crap everywhere, and it's hard to walk."[9] Ms. Ruzycki, who testified that she had been to the Dollar General store where Plaintiff fell on about 20 occasions, stated that she "noticed the whole store being in disarray every time," and that she "didn't go in there very much because it's just not a very well-kept store."[10] Regarding the buckled seam, Ms. Ruzycki stated that she had "never taken notice" of it, but only because "the whole store was a mess and old and corroded."[11]

***Plaintiff's knowledge of the buckled seam.*** Prior to the accident, Plaintiff was a regular customer of the store, having shopped there about once every two weeks for a few years.[12] During her deposition, Defendant's counsel showed Plaintiff one of Ms. Ruzycki's pictures. Plaintiff testified that she didn't remember what any of the pictures looked like,

---

[7] Ms. Ruzycki's Photographs (Dkts. 18-12–18-15); Dollar General CCTV Video Clip (Dkt. 18-16), at 0:00-0:32.

[8] Mr. Dilbeck's Dep. (Dkt. 18-3), at 36:15-22.

[9] *Id.* at 36:22-25.

[10] Ms. Ruzycki's Dep. (Dkt. 18-4), at 75:19-76:4.

[11] *Id.* at 76:7-77:11.

[12] Mot. for Summ. J. (Dkt. 18), at 5, ¶ 3; Pl.'s Resp. (Dkt. 26), at 5, ¶ 3.

but that she was "[p]ositive" she was being shown a picture of the store in which she fell.[13] When asked why she was positive, Plaintiff responded, "[b]ecause I know that floor. Whenever I looked at it, it was boogered up there and I tripped there."[14] The parties dispute whether Plaintiff was testifying as to her pre-fall knowledge of the "boogered up" condition of the seam or simply describing the condition of the floor in the picture as matching her memory of the area where she fell.

***Procedural history.*** On September 9, 2025, Plaintiff filed a Petition (Dkt. 1-2) in state court alleging that her injuries were caused by Defendant's negligence in failing to maintain a safe premises and failing to warn Plaintiff of a known hazard due to the buckled seam. Defendant removed the case pursuant to 28 U.S.C. §§ 1441(b) and 1445 with Plaintiff's consent. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff is a citizen of Oklahoma, while Defendant is a citizen of Tennessee, and the amount in controversy exceeds $75,000.[15] As a tort case arising in diversity jurisdiction, the governing law is the law of Oklahoma.[16]

---

[13] Pl.'s Dep. (Dkt. 18-2), at 170:9-172:7.

[14] *Id.* at 172:8-13.

[15] Notice of Removal (Dkt. 1).

[16] Oklahoma uses the "most significant relationship" test to determine governing law in tort cases, and here, that test indicates Oklahoma law should apply. *See Martin v. Gray*, 385 P.3d 64, 67 (Okla. 2016) ("The choice of law applicable to a tort claim is the 'most significant relationship' test." (citation omitted)); *Brickner v. Gooden*, 525 P.2d 632, 637 (Okla. 1974) ("The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred,

On October 1, 2026, Defendant filed a Motion for Summary Judgment (Dkt. 18) on Plaintiff's claims, arguing that it owed no duty to repair the buckled seam or to warn Plaintiff about its condition because it was an "open and obvious" defect that a reasonable person exercising ordinary care under the circumstance would have known was dangerous and avoided. Plaintiff filed a Response (Dkt. 26), and Defendant filed a Reply (Dkt. 29).

***Legal Standard***

Rule 56(a) of the Federal Rules of Civil Procedure requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, the Court views all facts and reasonable inferences in the light most favorable to the nonmovant.[17] Courts are not to weigh the evidence and determine the truth of the matter, but instead are to determine only whether there is a genuine dispute for trial before the fact-finder.[18] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[19] A dispute is "genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue for either party.[20]

---

(3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred.").

[17] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citations omitted).

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[19] *Id.* at 248.

[20] *Id.*

When, as here, the nonmoving party has the ultimate burden of persuasion at trial, the moving party "has both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law."[21] "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."[22] "Once the moving party points out the absence of evidence to create a 'genuine issue' of a 'material fact' on which the non-moving party bears the burden of proof at trial,…[t]he non-moving party must set forth specific facts showing there is a genuine issue for trial."[23]

***Discussion***

Under Oklahoma law, the elements of negligence are: (1) a duty of care owed by the defendant to the plaintiff, (2) the defendant's breach of that duty, and (3) injury to the plaintiff caused by the defendant's breach of that duty.[24] Where a landowner such as a retail store allows entry by invitees such as customers, the landowner owes a duty to exercise

---

[21] *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002*), as amended on denial of reh'g* (Jan. 23, 2003) (citing *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

[22] *Id.*

[23] *Otis v. Canadian Valley-Reeves Meat Co.*, 884 F. Supp. 446, 449–50 (W.D. Okla. 1994), *aff'd*, 52 F.3d 338 (10th Cir. 1995) (citing *Anderson*, 477 U.S. at 248).

[24] *See Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007) (citations omitted).

"reasonable care to disclose…the existence of dangerous defects" and to exercise "reasonable care to keep the premises in a reasonably safe condition."[25] Yet even then, "the law does not require that the landowner protect the invitee against dangers which are so apparent and readily observable that one would reasonably expect them to be discovered."[26] In other words, there is no duty to warn or protect invitees from "perils that are open and obvious."[27] This is because "in the typical case, the invitee can protect herself by leaving the premises when an obvious hazard is encountered or by avoiding the premises altogether."[28] The standard is an objective one: whether a reasonable person "under similar or like circumstances"[29] would, "in the exercise of due diligence for their own safety, discover the danger that was open and obvious[.]"[30]

Here, the undisputed material facts, viewed in the light most favorable to the Defendant, do not establish that a reasonable person under similar or like circumstances would have known that floor seam presented an open and obvious danger that should be

---

[25] *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083–84 (Okla. 1997) (listing the duty to disclose dangerous defects as the duty owed to licensees, but then noting that to an invitee, the landowner "owes the additional duty" of keeping the premises in a reasonably safe condition).

[26] *Id.* at 1084.

[27] *Sutherland v. Saint Francis Hospital, Inc.*, 595 P.2d 780, 783 (Okla. 1979).

[28] *Wood v. Mercedes-Benz of Okla. City*, 336 P.3d 457, 459 n.6 (Okla. 2014).

[29] *Scott v. Archon Grp., L.P.*, 191 P.3d 1207, 1212 (Okla. 2008) (quoting *Pickens v. Tulsa Metro. Ministry*, 951 P.2d 1079, 1083–84 (Okla. 1997)); *Sholer v. ERC Mngmt. Grp., LLC*, 256 P.3d 38, 43–44 (Okla. 2011).

[30] *Southerland v. Wal-Mart Stores, Inc.*, 848 P.2d 68, 69 (Okla. 1993).

avoided. In particular, the video of the incident and the photographs of the seam illustrate a floor defect that a reasonable juror could readily conclude was *not* open and obvious and which presented a hidden danger about which Defendant had a duty to take reasonable care to either warn its customers about or make safe.

Accordingly, Defendants have not shown they are entitled to summary judgment. The case must therefore be submitted to a jury.

***Conclusion***

The Motion for Summary Judgment (Dkt. 18) is **DENIED**.

**IT IS SO ORDERED** this 9th day of November 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE